## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALICIA D. COULTER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-24-835-R |
| | ) | |
| JAREK BUTLER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging a violation of her rights under federal and state law. *See* Compl. [Doc. No. 1]. Defendants Jarek Butler, Ashleigh Melton, and City of Norman have each filed separate Motions to Dismiss [Doc Nos. 15, 18, 19]. Plaintiff filed an "Omnibus Response Opposing Defendant(s) Counsel Motion to Dismiss" [Doc. No. 20] and Defendants replied [Doc. No. 21, 23]. Because Plaintiff has failed to complete proper service on Defendants and failed to state any plausible claims, this action is dismissed without prejudice.[1]

### BACKGROUND

This action arises from Plaintiff's incarceration at the Cleveland County Detention Center. As Defendants, Plaintiff has named the City of Norman and Jarek Butler[2] and Ashleigh Melton, who are both alleged to be detention center employees. The Complaint

---

[1] Although the City contends that its Motion should be deemed confessed pursuant LCvR 7.1(g), the Court has elected to consider the merits of the motion.

[2] The Complaint identifies the defendant as "Jared Butler" but Mr. Butler's response brief uses the spelling "Jarek Butler."

alleges that "Plaintiff remained in detention cell for an extended period of time, losing consciousness" from July 25-26, Plaintiff had a left wrist injury upon arrival at the detention center, Defendant Butler's "excessive force cause more prone injuries to Plaintiff wrist," Defendants failed to ensure that Plaintiff received medical treatment, Defendant City failed to adequately train and supervise detention employees, and Defendants stole Plaintiff's prescription correctional lenses. Plaintiff subsequently filed a document [Doc. No. 9] which, liberally construed, appears to be an attempt to supplement the allegations in her Complaint. This document alleges that "Defendant Officer" struck, kicked, and choked Plaintiff without cause and placed her in a detention cell without first having her examined by a physician. The document also alleges that Defendant Butler called her racist and sexists slurs. Based on these allegations, the Complaint purports to bring claims for excessive force under the Fourth Amendment, deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments, and claims under state law for battery and negligence. Defendants move for dismissal for failure to complete proper service and for failure to state a claim.

## DISCUSSION

### A. Insufficient Service of Process

The City of Norman contends that personal jurisdiction is lacking because Plaintiff failed to properly serve the City. Service of process pursuant to the requirements outlined in Fed. R. Civ. P. 4 "provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Oklahoma Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).

*See Bethley v. City of Spencer, Okl.*, 37 F.3d 1509 (10th Cir. 1994) ("Because there was no valid service of process on [the defendant], the district court lacked personal jurisdiction over him."). "Effectuation of service is a precondition to suit," *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998), and district courts retain broad discretion to dismiss an action when proper service appears unlikely or futile. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983); *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) provide a mechanism for a defendant to challenge the form of process and the manner or method of service. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (4th ed.). When service is challenged, the plaintiff "bear[s] the burden of demonstrating that they complied with all statutory and due process requirements." *Rudman v. Oklahoma ex rel. Bd. of Regents for the Reg'l Univ. Sys. of Oklahoma*, No. CIV-22-0091-F, 2022 WL 17083406, at *20 (W.D. Okla. Nov. 18, 2022).

Rule 4(j)(2) sets out the manner in which a municipal entity must be served: either by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Oklahoma state law provides that "[a]ny notice or process affecting a municipality shall be served upon the municipal clerk, or in his or her absence then upon a deputy municipal clerk and upon the mayor." Okla. Stat. tit. 11, § 22-103. Here, the Complaint was served on a records clerk rather than the municipal clerk or the city manager as required. *See* Doc. No. 13 at p. 3. Additionally, the

person named on the Summons is different than the person named in the return of service. *Id.*; Doc. No. 12 at 3. Plaintiff has not addressed these service deficiencies in her response brief or made any effort to show that she substantially complied with the service requirements. *See Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 800 (10th Cir. 2008) ("A plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person."). Plaintiff failed to serve a person authorized to receive service on behalf of the City and has therefore not properly completed service. Additionally, because Plaintiff has also failed to state any plausible claim against the City, there is no basis to quash service rather than dismiss this action.

Defendants Butler and Melton also seek dismissal for insufficient service of process, but for a different reason. Federal Rule of Civil Procedure 4(m) sets the time limit for serving a defendant and provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed this action on August 13, 2024 and, after failing to serve any defendants within 90 days, was instructed to show cause for her failure to complete timely service [Doc. No. 7]. Plaintiff provided a response and, on December 20, 2024, was granted a permissive 30-day extension, or until January 20, 2025, to complete service [Doc. Nos. 8, 10]. However, the returns of service [Doc. No. 13] indicate that Defendants Butler and Melton were not served until January 22, 2025, after the deadline. As a result, the claims

against these Defendants are subject to dismissal for failure to timely effect service. Further, Plaintiff has not sought an extension of the service deadline or articulated any grounds for granting a mandatory or permissive extension of the deadline. *See* Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

Accordingly, the claims against the City of Norman are dismissed for failure to effect proper service and the claims against Defendants Butler and Melton are dismissed for failure to complete timely service.

## B. Failure to State a Claim

Apart from the service deficiencies, Defendants also argue that the Complaint fails to state any plausible claims. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "specific facts are not necessary[,]" the statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the *Twombly*, 550 U.S. at 555).

Further, in § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Indeed, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable

§ 1983…claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting

*Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)); *see also Bruner v.*

*Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) ("Section 1983 claims against public officials

must demonstrate some form of personal involvement on the part of the individual

defendants."). And although a litigant proceeding pro se is entitled to have his pleadings

liberally construed, he is still responsible for "alleging sufficient facts on which a

recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). Thus, although it is appropriate to "make some allowances for 'the [pro se]

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his

poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]

the Court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 940 (10th Cir. 2005) (internal citation and quotation marks omitted)

(alterations in original).

Applying these standards, Plaintiff's allegations fail to state a claim against any of

the named Defendants.[3] To begin, Plaintiff's allegations make clear that she has

erroneously sued the City of Norman. Her allegations indicate that the events took place at

the Cleveland County Detention Center and that the individual Defendants are detention

center employees. Compl. ¶¶ 5, 22, 26. Plaintiff has not included any factual allegations

---

[3] Any additional factual allegations in Plaintiff's response brief are "are not determinative
of whether Plaintiff adequately stated claims in his Complaint." *Scott v. Hormel*, No. CIV-
18-395-SLP, 2019 WL 3935101, n.2 (W.D. Okla. Aug. 20, 2019).

indicating that the City of Norman is responsible for the Cleveland County Detention Center, employs or supervises detention center employees, or was otherwise involved in the events at issue here. Moreover, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir.1998) (citations omitted). Although Plaintiff includes numerous conclusory statements that the City or County has unconstitutional policies, the Complaint is devoid of any factual allegations showing that a policy of the City of Norman was the moving force behind an alleged constitutional violation. Plaintiff's claims under state law are also deficient, as she has not included any well-pled factual allegations regarding actions taken by the City or its employees.

Plaintiff's claims against Defendant Butler and Melton fail for similar reasons.[4] She has not included a single factual allegation regarding specific actions taken by Defendant Melton. As to Defendant Butler, Plaintiff alleges that his "excessive force cause more prone injuries to Plaintiff wrist" and that he called her derogatory names. The remaining

---

[4] It is not clear whether Plaintiff intended to name Defendants Butler and Melton as defendants in their official capacity. For that reason alone, any official capacity claims are not properly alleged. However, assuming Plaintiff intended to name them in their official capacities, the claims would fail for the same reasons that apply to the City of Norman, namely that the allegations are insufficient to show that an employee committed any sort of violation or that a municipal policy was the moving force behind the violation. Additionally, because the Complaint does not state any plausible claim, there is no need to resolve Defendants' qualified immunity arguments.

7

allegations are conclusory assertions or vague statements about what "Defendants" did or did not do, without factual context or the necessary details as to which Defendant took what action. In short, Plaintiff has failed to describe the specific actions taken by a particular defendant and failed to include sufficient factual content to make out a plausible claim under federal law.[5] Further, with respect to the state law claims, the Complaint asserts that Defendants Butler and Melton were acting within the scope of their employment. Compl. ¶¶ 5, 22. However, pursuant to the Oklahoma Governmental Tort Claims Act, an employee of the state or a political subdivision acting within the scope of their employment shall not be named as a defendant. Okla. Stat. tit. 51, § 153(C).

## CONCLUSION

Plaintiff has failed to complete timely or proper service on Defendants and, additionally, has failed to state a claim against any Defendant. Accordingly, Defendants' respective motions to dismiss are GRANTED [Doc. Nos. 15, 18, 19] as outlined above. Defendants City of Norman, Jarek Butler, and Ashleigh Melton are dismissed without prejudice. Defendants' request for attorney's fees is denied.

Plaintiff has filed a Motion seeking leave to amend her Complaint, which Defendants oppose [Doc. Nos. 24, 25, 26, 27]. As Defendants note, the motion does not comply with LCvR 15.1, which requires the proposed amended pleading to be attached to the motion as an exhibit. However, in light of Plaintiff's pro se status, the Court will

---

[5] Any claims asserted under federal criminal statutes also fail because "42 U.S.C. § 1983 does not authorize a private citizen to pursue violations of federal criminal law." *Donaldson v. Stoker*, No. 2:16-CV-784, 2018 WL 1026378, at *3 (D. Utah Feb. 21, 2018) (citing *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006)).

withhold entry of judgment to provide Plaintiff an opportunity to file an Amended

Complaint that complies with Federal Rules of Civil Procedure 8. The Amended Complaint

shall be filed no later than April 16, 2025. If an Amended Complaint is not timely filed,

judgment will be entered and this action will be dismissed without prejudice without further

notice.

      IT IS SO ORDERED this 26th day of March 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE