## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALICIA D. COULTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. CIV-24-835-R** |
| | ) | |
| **JAREK BUTLER,** | ) | |
| **ASHLEIGH MELTON, and** | ) | |
| **CITY OF NORMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court are Defendant City of Norman, Defendant Jarek Butler, and Defendant Ashleigh Melton's Motions to Dismiss [Doc. Nos. 39, 40, 41]. Plaintiff Alicia Coulter, proceeding *pro se* and *in forma pauperis*, filed a Response[1] [Doc. No. 42], to which Defendants replied [Doc. Nos. 43 & 44]. For the reasons that follow, Defendants' Motions are GRANTED.

---

[1] Plaintiff also filed two untimely Responses [Doc. Nos. 45 & 46]. Both are disregarded.

**BACKGROUND**[2]

On July 25, 2024, Plaintiff was arrested by City of Moore police officers in relation to warrants for speeding, lack of proof of insurance, and failing to obey a judge [Doc. No. 38 at p. 2]. She was transported to Cleveland County Detention Center, which is where the events giving rise to her lawsuit occurred. *Id*.

When Plaintiff arrived at CCDC, Defendant Butler and Defendant Melton ("Individual Defendants") were responsible for her intake and booking. *Id*. at p. 3. Plaintiff expressed her desire to receive medical attention due to an injured wrist. *Id*. According to Plaintiff, because she could move her wrist, Individual Defendants ignored her request. She was held in a cell for at least three hours without medical attention. *Id*.

Plaintiff was set to be released from CCDC the next day. *Id*. at p. 6. Individual Defendants were responsible for her check out. *Id*. Plaintiff requested a grievance form. *Id*. Defendant Butler stated in response "Did you not catch my smart remark, You want a butt hurt & dizzy Fit paper[?]" *Id*. Plaintiff responded in the affirmative. *Id*. Plaintiff then asked Defendant Melton for a grievance form. *Id*. Defendant Melton screamed at Plaintiff. *Id*. Plaintiff told Defendant Melton that she did not have to speak to her in that manner. *Id*. Defendant Melton came around the desk and tried to grab Plaintiff by the wrist. *Id*. Plaintiff resisted. *Id*. Defendant Melton shoved Plaintiff to the ground. *Id*. Both fell to the floor. *Id*.

---

[2] "As a pro se litigant, [Plaintiff] is entitled to a liberal construction of [her] pleadings." *Champion v. McCalister*, No. 23-6141, 2024 WL 3272239, at *2 (10th Cir. July 2, 2024) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). "But [she] still must comply with the rules that govern other litigants, and [the Court] do[es] not act as [her] 'attorney in constructing arguments and searching the record.'" *Id*. (quoting *Garrett*, 425 F.3d at 840).

Defendant Butler then came from behind the desk and placed his knee on her leg. *Id*. Defendant Melton yelled for the other officers to deploy their tasers. *Id*. Defendant Butler placed Plaintiff in an ankle lock. *Id*. at p. 7. Plaintiff was tased by another officer, to which she responded by removing the taser barbs from her leg. *Id*. While being tased, Defendant Butler allegedly called Plaintiff racist and sexist slurs. *Id*. Defendant Butler then placed Plaintiff in another wrist lock and dragged her into a private cell. *Id*. She was held down and tased again. *Id*. at p. 8. She again removed the barbs from her body and attempted to get the officers off her body. *Id*. Plaintiff was seen by an individual who offered her Ibuprofen, and then she was released from CCDC. *Id*. Plaintiff allegedly suffered several injuries from the incident. *Id*. at p. 10.

Plaintiff filed her original Complaint [Doc. No. 1] on August 13, 2024. However, when she had not served any defendant by December, this Court ordered her to show cause as to why service had not been made [Doc. No. 7]. She was then granted 30 days from December 20, 2024, to effect service [Doc. No. 10]. Defendants were served on January 22, 2024, beyond the deadline permitted by the Court [Doc. No. 13]. Defendants therefore filed Motions to Dismiss [Doc. Nos. 18 & 19], on grounds of failure to effect proper service and failure to state a claim. The Court granted both Motions on both grounds [Doc. No. 28]. However, the Court permitted Plaintiff to file an Amended Complaint, which she did. Doc. No. 38. She asserts violations of her Fourth, Eighth, and Fourteenth Amendment rights through 42 U.S.C. § 1983, as well as state law claims for assault and battery, malicious criminal mischief, and larceny.

3

Now, Defendants again move to dismiss Plaintiff's claims. Defendant City of Norman seeks dismissal on grounds that Plaintiff erroneously joined the City as a defendant, and that Plaintiff fails to allege any claims against the City. Doc. No. 39. Individual Defendants state several bases for dismissal. Primarily, however, their Motions are predicated on failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. Nos. 40 & 41. Specifically, Individual Defendants assert the defense of qualified immunity as a ground for dismissal. *Id*.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And while the Court "must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Id*. (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "Mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### I.    Plaintiff's failure to respond to Defendants' substantive arguments constitutes waiver.

Plaintiff failed to file a meaningful response to any of Defendants' substantive grounds for dismissal. Doc. No. 42. Many courts in this District—including this one—have previously deemed a lack of response to a party's substantive argument a waiver of the issue. *See Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."); *see also Zane v. Kramer*, 195 F.Supp.3d 1243, 1256 (W.D. Okla. 2016); *Cigar Box, LLC v. Houston Specialty Ins. Co.*, 685 F.Supp.3d 1269, 1279 (W.D. Okla. 2023); *Bleything v. N.A. Van Line, Inc.*, No. CIV-23-764-PRW, 2024 WL 4341592, at *2 n.13 (W.D. Okla. Sep. 27, 2024). The Court finds such treatment appropriate in this case, and deems Plaintiff's arguments waived.

Nonetheless, waiver or concession of the arguments is not itself sufficient to warrant dismissal. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). The Court will therefore evaluate Plaintiff's Amended Complaint to determine whether she states a claim for relief.

### II.    Defendant City of Norman's Motion is granted pursuant to Rule 12(b)(6).

As the Court noted in its previous Order of dismissal, joinder of Defendant City of Norman is erroneous. Doc. No. 28 at p. 6. Plaintiff's alleged injuries were suffered at

CCDC, which is not operated by the City of Norman. Its employees—namely Individual Defendants—are not City of Norman employees. Moreover, the initial arresting officers are police officers for the City of Moore. No factual allegations are plausibly asserted against Defendant City of Norman, so its Motion is granted pursuant to Rule 12(b)(6).

## III.     Individual Defendants' Motions are granted pursuant to Rule 12(b)(6).

### A.  Plaintiff did not carry her burden to overcome the assertion of qualified immunity.

Individual Defendants have asserted the defense of qualified immunity. The Court notes that Plaintiff's *pro se* status has no effect on the application of the doctrine and its corresponding burden-shifting framework. *See Nidiffer v. Lovato*, No. 24-2056, 2025 WL 719814, at *2-3 (10th Cir. Mar. 6, 2025) (applying qualified immunity against a *pro se* plaintiff); *Blandin v. Smith*, No. 23-2175, 2024 WL 1672246, at *1-2 (10th Cir. Apr. 18, 2024) (same); *Montgomery v. Cohn*, No. 23-1101, 2024 WL 1739290, at *2-4 (10th Cir. Apr. 23, 2024) (applying qualified immunity against a *pro se* plaintiff on a Rule 12(b)(6) motion). And while "'[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion…subjects the defendant to a more challenging standard of review than would apply on summary judgment[,]'" *Luethje v. Kyle*, 131 F.4th 1179, 1187 (10th Cir. 2025) (quoting *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021)), it is also true that "[a]sserting the affirmative defense of qualified immunity 'creates a presumption that the defendant is immune from suit[,]'" *id*. (quoting *Truman*, 1 F.4th at 1235).

"'When a defendant raises a qualified immunity defense, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional

right, and (2) the right was clearly established at the time of the violation.'" *White v. Lucero*, 135 F.4th 1213, 1218 (10th Cir. 2025) (quoting *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). "'If the plaintiff fails to satisfy either prong of qualified immunity, [her] suit fails.'" *Id*. (quoting *Hemry v. Ross*, 62 F.4th 1248, 1253 (10th Cir. 2023)). "[C]ourts 'are free to decide which prong to address first' in the two-prong qualified immunity inquiry[.]" *Id*. at 1219 (quoting *Weise v. Casper*, 593 F.3d 1163, 1166-67 (10th Cir. 2010)). Moreover, the Court "need not address both[]" prongs if the plaintiff fails to satisfy a prong. *Id*. (citing *Hemry*, 62 F.4th at 1253).

Because the Court finds the second prong dispositive, that is where its inquiry will begin and end. "Law is clearly established 'if a plaintiff (1) identifies an on-point Supreme Court or published Tenth Circuit decision or (2) shows the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains.'" *Waterhouse v. Direzza*, 129 F.4th 1212, 1225 (10th Cir. 2025) (quoting *Flores v. Henderson*, 101 F.4th 1185, 1197 (10th Cir. 2024)). "In the rare obvious case, though, 'the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances.'" *Jordan v. Jenkins*, 73 F.4th 1162, 1168 (10th Cir. 2023) (quoting *McCoy v. Meyers*, 887 F.3d 1034, 1053 (10th Cir. 2018)).

Here, Plaintiff made no effort to meet this burden. And while the Court construes her pleadings liberally, it "cannot act as [her] advocate," *Montgomery*, 2024 WL 1739290, at *2 (citing *Garrett*, 425 F.3d at 840), and it "'will not supply additional factual allegations to round out [her] complaint or construct a legal theory on [her] behalf,'" *id*. (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). So the Court will not

carry Plaintiff's burden of presenting applicable case law or act as her advocate to contend that Individual Defendants' alleged misconduct was a plainly obvious violation of clearly established law. *See Rojas v. Anderson*, 727 F.3d 1000, 1004 (10th Cir. 2013) (quoting *Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) ("'The plaintiff bears the burden of citing to [the Court] what [she] thinks constitutes clearly established law.'")). Thus, when paired with the burden-shifting framework triggered by the assertion of qualified immunity, Plaintiff's failure to lodge a meaningful response to Individual Defendants' Motions is fatal. *See id*. (citing *Martinez v. Carr*, 479 F.3d 1292, 1295 (10th Cir. 2007) ("'[T]he record must clearly demonstrate the plaintiff has satisfied [her] heavy two-part burden; otherwise, the defendants are entitled to qualified immunity.'")).

Accordingly, Individual Defendants are entitled to qualified immunity, and Plaintiff's constitutional claims against Individual Defendants are dismissed.

### B. Individual Defendants acted within the scope of their employment and are therefore immune from suit under the Oklahoma Government Tort Claim Act (OGTCA).

As the Court noted in its previous dismissal Order, under the OGTCA, an employee of the state or a political subdivision acting within the scope of his or her employment shall not be named as a defendant. Doc. No. 28 at p. 8 (citing Okla. Stat. tit. 51, § 153(C)). But like in her original Complaint, Plaintiff alleges in her Amended Complaint that Individual Defendants were acting within the scope of their employment when they committed their alleged wrongful acts against her. Doc. No. 38 at p. i. So Individual Defendants are immune from liability under the OGTCA and Plaintiff's state law claims against them are dismissed.

## CONCLUSION

Accordingly, Defendant City of Norman, Defendant Butler, and Defendant Melton's Motions are GRANTED.[3]

IT IS SO ORDERED this 15th day of July, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's Amended Complaint appears to include additional defendants. However, there is no indication that these newly named defendants have been served. The Court notes that if service is not properly executed upon these defendants by August 6, 2025, Plaintiff's Amended Complaint will be dismissed in its entirety and judgment will be entered.